UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WAYMON CORNELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-04-2386** |
| | § | |
| **ANTHONY J. PRINCIPI, Secretary of** | § | |
| **Veterans Affairs,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Defendant seeks summary judgment on Plaintiff's Title VII claim of employment discrimination. After reviewing the parties' filings and the applicable law, the Court finds that Defendant's motion, Docket No. 27, should be and hereby is **DENIED**.

## I.    BACKGROUND

In 1986, after serving for many years in the armed forces, Plaintiff Waymon Cornell, who is Caucasian, began working as an officer in the Police Service of the Veterans Administration ("VA"). In 1989, he was promoted to the position of Supervisory Police Officer. He held that position until 1990, when he requested a demotion to a regular police officer's position in order to spend more time with his terminally ill wife and with his children. In the years since his voluntary demotion, Cornell has served several times as a temporary Supervisory Officer. In addition, he teaches Preventive Management of Disturbed Behavior and Violence in the Workplace to other VA police officers and is the only officer in the Police Service who is qualified to do so.

In 1999, Larry Forde, who is African American, became the chief of the Police Service.  Between 1999 and March 2002, three officers have received promotions to the position of lieutenant.  Two of those officers are African American, and the third is half African American and half Puerto Rican.  Two were in their twenties or thirties when they were promoted, and the third was 43 years old.[1]

In April 2002, the Police Service announced a supervisory vacancy.  Cornell, who was 58 years old at the time, applied for the position and was interviewed by a panel of VA officials.  The VA claims that that panel recommended[2] to Forde that the vacancy be filled by Phillip Prater, an African American officer much younger and with many fewer years of experience than Cornell.  Forde subsequently awarded the promotion to Prater.

In October 2002, Cornell filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was denied the promotion because of his race and age.[3]  After investigating the complaint, the EEOC issued a right-to-sue letter.  Cornell then filed the instant suit, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a).

## II.   ANALYSIS

### A.   Legal Standards

#### 1.   Summary judgment standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a

---

[1] It appears that one Caucasian officer may also have been promoted during the relevant time period.  That officer, however, had significantly less seniority within the VA Police Service at the time of his promotion than did Cornell.

[2] Cornell points out that the VA has produced no documentary evidence of such a recommendation.

[3] Cornell also asserted a harassment claim based upon Forde's repeated failure to promote him between 1999 and 2002.  As Cornell now concedes, however, discrete instances of failure to promote cannot support a claim of hostile work environment harassment.  The Court therefore regards the harassment claim as abandoned.

matter of law based on the evidence thus far presented.  *See* FED. R. CIV. P. 56(c).

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892

(2001) (internal quotation marks and citation omitted).  A genuine issue of material fact

exists "if the evidence is such that a reasonable jury could enter a verdict for the non-

moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

This Court must view all evidence in the light most favorable to the non-moving party

and draw all reasonable inferences in that party's favor.  *Id.*

## 2.    Title VII standard

To establish a *prima facie* case of discrimination arising from the failure to

promote, a plaintiff must show (i) that he belongs to a protected class; (ii) that he applied

and was qualified for a job for which the employer was seeking applicants; (iii) that,

despite his qualifications, he was rejected; and (iv) that the employer filled the position

with a non-member of the protected class.  *See, e.g.*, *Wright v. Western Elec. Co.*, 664

F.2d 959, 962 (5th Cir. 1981) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973)).

> Although the *McDonnell Douglas* formula does not require direct proof of
> discrimination, it does demand that the alleged discriminatee demonstrate
> at least that his rejection did not result from the two most common
> legitimate reasons on which an employer might rely to reject a job
> applicant: an absolute or relative lack of qualifications or the absence of a
> vacancy in the job sought.

*Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 358 n.44 (1977).  To

satisfy this burden and defeat summary judgment, a plaintiff must "prove by a

preponderance of the evidence that [he] applied for an available position for which [he] was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

As the Fifth Circuit has noted, "unsubstantiated assertions are not competent summary judgment evidence." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). "Summary judgment . . . may be appropriate, even in cases where elusive concepts such as motive or intent are at issue, . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993) (internal quotation marks and citation omitted). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.").

Once a plaintiff has established a *prima facie* claim of discrimination, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for its failure to promote the plaintiff. *Wright*, 664 F.2d at 962 (citing *McDonnell Douglas*, 411 U.S. at 802). If the employer can do so, the burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence, that "the employer's stated reasons for the rejection were in fact a pretext for a . . . discriminatory decision." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804). Despite the shifting burden of production, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the

plaintiff remains at all times with the plaintiff." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

### B.    Plaintiff's Claims

The parties do not dispute that Cornell, as a Caucasian, is a member a of protected classes under Title VII,[4] that he was qualified for the position that he sought, or that the VA's failure to promote him constituted an adverse employment action triggering the applicability of Title VII.   The VA argues, however, that its decision not to promote Cornell to the supervisory position was made for legitimate, non-discriminatory reasons and that Cornell has no evidence, aside from his own subjective opinion, of intentional discrimination.   The VA particularly emphasizes the fact that Forde's promotion of Prater over Cornell was consistent with the recommendation of the interviewing panel.

In response, Cornell points to the conceded fact that almost all of the officers who were hired and promoted during Forde's tenure are African American or otherwise non-Caucasian.   Cornell also offers the affidavits of several VA police officers who support his claims of discrimination.   (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. G (Palmer Aff.), at 6-9 ("Waymon Cornell is a very professional, knowledgeable law enforcement officer. . . .  Lieutenant Prater does not have as many years of experience as Officer Cornell.  I see no other reason why Cornell wouldn't have gotten promoted except for the skin color."); *id.*, Ex. H (Wallace Aff.), at 23 ("I know that Officer Cornell was being harassed by Chief Ford [sic].  I knew that Chief Ford [sic] was looking to write him up for anything that he could."), 24 ("I observed several times if something went wrong or if

---

[4] Cornell also alleges that the VA's failure to promote him was the result of age discrimination.  Title VII does not, however, prohibit age discrimination, and Cornell has not pled such discrimination under any statute authorizing such a cause of action.  The Court therefore declines to address Plaintiff's inchoate age discrimination claim.

the Chief felt like he had an opportunity to bring an investigation forward on Officer Cornell, he would take full advantage of it."); *id.*, Ex. I (Juilfs Aff.), at 10 ("Officer Cornell has a great deal of police experience and a lengthy law enforcement background. He is an excellent officer . . . . He would be the first one to back anybody up if they got into trouble. . . . [B]ased on that alone he should have received a promotion."), 11 ("[U]ntil just recently, Chief Forde only hired black officers and only promoted black officers.").)   Moreover, Cornell provides specific evidence that the VA's ostensible reason for choosing Prater – the recommendation of the interviewing panel – is pretext. (*See id.*, Ex. H (Wallace Aff.), at 22 ("[T]he Chief didn't accept the recommendations [of the interviewing panels] for the past [promotion] announcements that came out.").)

The affidavits that Cornell has submitted do not contain mere "[u]nsupported allegations or . . . conclusory facts and conclusions of law," which would render the affidavits inadequate as summary judgment evidence.  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).  Rather, they include eyewitness observations and detailed explanations of the reasoning behind and support for the affiants' conclusions that the VA discriminated against Cornell on the basis of his race.  Because, therefore, a genuine issue of material fact exists regarding the reasons for the VA's failure to promote Cornell to the supervisory position, the VA's summary judgment motion must be and hereby is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 13th day of April, 2006.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**